**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RADIOLOGIX, INC., and<br>RADIOLOGY AND NUCLEAR<br>MEDICINE IMAGING PARTNERS,<br><br>   Plaintiffs,<br><br>v.<br><br>RADIOLOGY AND NUCLEAR<br>MEDICINE, LLC,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 15-4927-DDC<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter comes before the court upon Defendant's Motion for Order Compelling Additional Discovery (ECF No. 361). Plaintiffs oppose the motion. For the reasons stated below, the motion is granted in part and denied in part.

**I.   Background**

The parties were scheduled to begin a two-week jury trial on March 6, 2018, before Judge Crabtree when defendant discovered in late February that plaintiffs had not previously produced documents appearing on their final exhibit list. Judge Crabtree vacated the trial setting and referred this case back to the undersigned for management of any additional discovery. The undersigned has conducted conference calls with the parties on March 9, 2018, and on March 21, 2018. Among other things, the court granted leave for defendant to take plaintiffs' Fed. R. Civ. P. 30(b)(6) deposition, limiting the scope to how plaintiffs identified and collected documents for review and production.[1] Defendant filed a notice of plaintiffs' Rule 30(b)(6) deposition on March 16, 2018. Plaintiffs produced two corporate representatives for deposition on March 23, 2018,

---

[1] Order at 1, ECF No. 343.

Jayne Rarrick and Steven Loughlin. Ms. Rarrick was an employee of Plaintiff Radiology and Nuclear Medicine Imaging Partners, Inc. (RNMIP) from 1998 through 2015 and is now the only remaining RNMIP employee in Topeka, Kansas. Mr. Loughlin is Plaintiff Radiologix, Inc.'s information systems director of infrastructure and security. During the depositions, the witnesses were unable to answer certain questions. Defendant contends that the witnesses were unprepared and seeks to reopen the Rule 30(b)(6) deposition. Plaintiffs contend that defendant's deposition notice failed to state the topics with reasonable particularity but that the witnesses were prepared able to answer questions relevant to the topics identified in the notice. Defendant also argues that the depositions have raised new questions about whether plaintiffs took appropriate steps to implement a litigation hold, and defendant seeks additional discovery on this issue.

**II.     Discussion**

Defendant asks the court to compel plaintiffs to produce a Fed. R. Civ. P. 30(b)(6) deponant competent to testify on certain topics for which defendant contends the prior corporate designees were unprepared, and defendant asks that one of plaintiffs' attorneys of record serve as the deponent. Defendant also requests that plaintiffs produce all documents constituting their legal-hold notice. Additionally, defendant requests that plaintiffs search and produce relevant documents from a handful of specified locations, and defendant asks that it be allowed to serve supplemental interrogatories directed at plaintiffs' employees' habits concerning electronically stored information (ESI) and plaintiffs' discovery efforts. The court addresses each of these topics below.

### A. The Rule 30(b)(6) deposition

A deposition notice or a subpoena for a Rule 30(b)(6) deposition "must describe with reasonable particularity the matters for examination."[2] This means that the discovering party "must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[3] If the corporate designee "cannot identify the outer limits of the areas of inquiry noticed, complaint designation is not feasible."[4]

Rule 30(b)(6) requires that deponents testifying on behalf of an entity "must testify about information known or reasonably available to the organization." "Thus, the rule implicitly requires a designated representative to review all matters known or reasonably available to the organization in preparing for the Rule 30(b)(6) deposition."[5] The corporate entity bears the responsibility of preparing witnesses "so that they may give complete, knowledgeable and binding answers on behalf of the corporation."[6] A corporate entity does not fulfill these obligations by producing a witnesses who is without knowledge of facts on a designated topic

---

[2] Fed. R. Civ. P. 30(b)(6).

[3] *Sprint Commcn's Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. Apr. 10, 2006).

[4] *Nat'l R.R. Passenger Corp. v. Cimaron Crossing Feeders, LLC,* No. 16-1094-JTM-TJJ, 2017 WL 5970848, at *1 (D. Kan. Dec. 1, 2017) (quoting *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000)).

[5] *Hibu Inc. v. Peck*, No. 16-1055-JTM-TJJ, 2017 WL 1425618, at *2 (D. Kan. Apr. 21, 2017) (citing *Miller v. NEP Grp.*, No. 15-9701-JAR, 2016 WL 6395205 at *11 (D. Kan. Oct. 28, 2016)).

[6] *Id.* (quoting *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *13 (D. Kan. Oct. 5, 1995)).

when those facts are within the organization's knowledge or are reasonably available.[7] Producing an unprepared Rule 30(b)(6) deponent is tantamount to failing to appear.[8]

Defendant argues that plaintiffs' Rule 30(b)(6) designees were unprepared to testify on multiple topics. Plaintiffs do not dispute that their corporate designees were unable to answer certain questions, but they blame to defendant's deposition notice, which plaintiffs contend failed to describe topics with reasonable particularity. Most disputes concerning whether a notice describes topics with reasonable particularity occur in advance of the deposition—most commonly with the deponent moving for a protective order or to quash.[9] This is for good reason: A corporate deponent cannot fulfill its duty to produce a witness competent to testify about all noticed topics if it does not understand the topics. In *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc.*, Magistrate Judge Bostwick declined to consider objections that a notice lacked reasonable particularity when the party being deposed had failed to move for a protective order in advance of the deposition and had failed to seek relief from the court when counsel believed that the questions had exceeded the parameters of the noticed topics.[10] The undersigned adopts the same approach: The party asserting an objection that a Rule 30(b)(6) deposition notice lacks reasonable particularity generally must do so prior to the deposition.

---

[7] *Hibu*, 2017 WL 1425618 at *3.

[8] *Cherrington Asia Ltd. v. A & L Underground, Inc.*, 263 F.R.D. 653, 658 (D. Kan. 2010) (quoting *Starlight Int'l v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999)).

[9] *See, e.g., Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2016 WL 362488, at *2 (D. Kan. Jan. 28, 2016) (addressing a motion for a protective order filed before a deposition); *McBridge v. Medicalodges, Inc.*, 250 F.R.D. 581, 584-84 (D. Kan. 2008) (same); *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 444 (D. Kan. 2000) (same); *Reed*, 193 F.R.D. at 692 (same).

[10] *Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 1054279, at *2 (D. Kan. Apr. 9, 2007).

The court has reviewed the deposition notice and the portions of Ms. Rarrick's and Mr. Loughlin's testimony cited by the parties and finds that plaintiffs inadequately prepared these witnesses to testify on all designated topics. For example, Topic 2 asked for testimony concerning whether and how plaintiffs maintained hard-copy documents potentially relevant to the issues in this case, including the location of these documents.[11] Ms. Rarrick was unable to answer questions about what, if any, steps plaintiffs took to determine if any departmental hard-copy documents existed[12] or when employees were asked if they had printed hard-copy documents and stored them.[13] Topic 3(a) concerned any legal hold process, including specific steps taken to implement the hold.[14] Ms. Rarrick testified that she did not know what was sent to any employees to notify them not to destroy documents,[15] and she testified that she had not undertaken any effort before testifying to determine if a specific communication was made informing individuals not to delete documents.[16] Topic 3(b) concerned specific steps taken to identify sources of documents and ESI.[17] Ms. Rarrick testified that she did not know what had happened to the RNMIP hard drives, whether any information was collected from them,[18] or

---

[11] Notice of Dep. to Pls. Pursuant to Fed. R. Civ. P. 30(b)(6) at 4, ECF No. 345.

[12] *See* Rarrick Dep. 36:11-20; 37:8-13, ECF No. 363-13

[13] *Id.* at 37:8-13

[14] Notice of Dep. to Pls. Pursuant to Fed. R. Civ. P. 30(b)(6) at 4, ECF No. 345.

[15] Rarrick Dep. 38:19-22, ECF No. 363-13.

[16] *Id.* at 39:5-13.

[17] Notice of Dep. to Pls. Pursuant to Fed. R. Civ. P. 30(b)(6) at 4, ECF No. 345.

[18] Rarrick Dep. 41:8-17, ECF No. 363-13.

whether any individuals' hard drives were searched.[19] and Topic 4 concerned plaintiffs' efforts to identify, from collected documents, documents responsive to discovery requests.[20] Ms. Rarrick testified that she was not sure how other individuals reviewing potentially responsive documents decided whether they should be produced.[21]

      Mr. Loughlin's testimony suffers from similar defects. Plaintiffs designated Mr. Loughlin to testify on Topic 1 (concerning the data systems and sources used to store ESI) and Topic 3 (concerning plaintiffs' efforts to identify, preserve and collect ESI).[22] But Mr. Loughlin was unable to tell defendant whether PDF files or the text contained in PDF files was indexed.[23] He was unable to offer any details of whether there was a policy or specific steps taken to implement a legal hold, and testified that he did not look at the deposition notice and did not do anything apart from "search[ing] my recollection" to prepare for the deposition.[24] He could not provide any information regarding steps taken to determine which individuals may have potentially relevant information.[25] In short, the portions of the deposition transcripts reveal that Ms. Rarrick and Mr. Loughlin did little to prepare for their depositions and failed to answer basic questions about plaintiffs' efforts to preserve, search, and identify responsive documents.

---

[19] *Id.* at 44:7-21

[20] Notice of Dep. to Pls. Pursuant to Fed. R. Civ. P. 30(b)(6) at 5, ECF No. 345.

[21] Rarrick Dep. 71:11-25, ECF No. 363-13.

[22] Notice of Dep. to Pls. Pursuant to Fed. R. Civ. P. 30(b)(6) at 4-5, ECF No. 345

[23] Loughlin Dep. 68:11-25, ECF No. 363-14.

[24] *Id.* at 92:10-93:5.

[25] *Id.* at 100:9-14.

For these reasons, the court grants defendant's request to reopen plaintiffs' Rule 30(b)(6) deposition, limited to Topics 1(f), 2, and 3, as defendant had originally requested when the parties submitted their most recent joint statement to the court.[26] The deposition shall not exceed four (4) hours. In the interest of efficiency, defendant shall make every reasonable effort to obtain this information from the supplemental interrogatories, discussed below, before resorting to reopening the Rule 30(b)(6) deposition.

The court will not, however, compel plaintiffs to designate their own counsel of record as their Rule 30(b)(6) designee. Defendant suggests that one of plaintiffs' attorneys of record is the source of significant information, and defendant argues that counsel is likely the only person who can adequately address defendant's questions regarding plaintiffs' document identification and production efforts. Rule 30(b)(6) provides that the party being deposed designates the individuals who will testify on its behalf. The opposing party does not get to make the selection. Moreover, Rule 30(b)(6) only requires that the designee testify to matters known or reasonably available to the organization; the individual serving as a Rule 30(b)(6) deponent need not have personal knowledge of the topics.[27]

Additionally, depositions of counsel are disfavored.[28] This district generally follows the criteria set forth in *Shelton v. American Motors Corp.*,[29] when determining whether to allow the deposition of opposing counsel.[30] The Eighth Circuit in *Shelton* held that depositions of opposing

---

[26] *See* Joint Statement at 4, ECF No. 366-1.

[27] *Reed*, 193 F.R.D. at 692.

[28] *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 1847033, at *2 (D. Kan. Apr. 18, 2018) (citing *Hay & Forage Indus. V. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D. Kan. 2000)).

[29] 805 F.2d 1323 (8th Cir. 1986).

[30] *See, e.g., Holick*, 2018 WL 1847033, at *2; *Buth v. AAA Allied Grp., Inc.*, No. 12–CV–1223–JWL–DJW, 2013 WL 1308543, at *1 (D. Kan. Mar. 28, 2013) (stating that as a result of potential abuse in deposing opposing counsel,

counsel should be limited to those circumstances when the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.[31] The party seeking the deposition bears the burden of establishing that the *Shelton* factors are satisfied.[32] Defendant's brief cites Ms. Rarrick's deposition testimony as indicating that counsel likely has significant information. This alone fails to establish that no other means exists to obtain the information; that the information counsel would provide it is relevant and nonprivileged, or that it is crucial to the preparation of the case. For these reasons, the court will not compel counsel to testify.

### B.  Production of documents constituting a legal-hold notice

Defendant asks the court to require plaintiffs to produce all documents or correspondence that constituting a legal-hold notice. Plaintiffs contend these documents are attorney-client privileged. Defendant cites *Major Tours, Inc. v. Colorel*, a 2009 opinion from the District of New Jersey, for the proposition that although legal-hold letters are generally not discoverable, parties "are entitled to know which categories of electronic storage information employees were instructed to preserve and collect, and what specific actions they were instructed to undertake to that end."[33] The court agrees that defendant is entitled to discovery concerning the manner in

---

this district generally follows the *Shelton* criteria); *Ed Tobergate Assocs. v. Russell Brands, LLC*, 259 F.R.D. 550, 554–55 (D. Kan. 2009) (stating that "courts in this District have almost universally applied the *Shelton* criteria in deciding whether to allow the deposition of opposing trial counsel"); *Cont'l Coal, Inc. v. Cunningham*, No. 06–2122–KHV, 2008 WL 145245, *2 (D. Kan. Jan. 14, 2008) (applying the *Shelton* criteria to a motion for a protective order prohibiting the depositions of opposing counsel). *See also Boughton v. Cotter Corp.*, 65 F.3d 823, 829-30 (10th Cir. 1995) (applying the *Shelton* criteria).

[31] *Shelton*, 805 F.2d at 1326.

[32] *See Holick*, 2018 WL 1847033, at *2.

[33] *Major Tours, Inc. v. Colorel*, No. 05-3091-JBS/JS, 2009 WL 2413631, at *2 (D.N.J. Aug. 4, 2009).

which plaintiffs preserved, identified, and produced responsive documents, which is why the court will allow defendant to serve a limited number of interrogatories on these topics for the reasons stated below. While the court agrees that the recent Rule 30(b)(6) depositions raise questions about plaintiffs' practices concerning document retention and identification, these issues are more efficiently addressed through interrogatories rather than requests for production that would likely involve attorney-client privilege objections and further formal briefing. For these reasons, the court denies defendant's request for leave to seek production of documents constituting a legal hold.

### C. Searching additional sources for documents

Defendant requests that the court direct plaintiffs to search and produce documents from all available sources of information, including plaintiffs' CEO Howard Berger's personal email account. They point to an e-mail exchange between Ms. Rarrick, using her work account, and Dr. Berger, using his personal Gmail account. Although not addressed in detail in their brief, plaintiffs object to these searches in the joint statement submitted to the magistrate judge. They argue that they were not obligated to search Mr. Berger's personal email account under the ESI protocol agreed to by the parties and entered by the court.[34] They also state that counsel has reconfirmed with all but one of the custodians that they exclusively used their Radnet.com email addresses to conduct business. Dr. Berger used a Gmail account, which plaintiffs state was linked to the RadNet server. They state that Dr. Berger's Gmail emails conducting RadNet business would be archived as they would have involved an e-mail to or from a Radnet.com address, as is the case with the email exchange between Dr. Berger and Ms. Rarrick.

---

[34] *See* Agreed Order Establishing Protocol for Discovery of Electronic Data, ECF No. 103.

The court grants in part this request. The present record establishes that Dr. Berger used a Gmail account to conduct business, and therefore, plaintiffs shall conduct a search of that account to determine if it contains responsive documents not previously produced. Plaintiffs need not produce duplicate copies of documents already produced. While the court appreciates that the ESI protocol did not require this step, the parties were unaware at the time they negotiated the protocol that Dr. Berger used a Gmail address to conduct business. Dr. Berger is a key individual in this case, and requiring plaintiffs to conduct a limited search of the Gmail account he utilized to conduct business does not appear particularly burdensome. However, the undersigned is disinclined to order additional searches of individuals' personal e-mail accounts unless additional information comes to light.

### D.  Supplemental interrogatories to plaintiffs

For the reasons stated above, the court grants defendant leave to serve supplemental interrogatories to plaintiffs. The Rule 30(b)(6) deponents failed to provide comprehensive information regarding plaintiffs' efforts to preserve, search, and identify responsive documents. Allowing defendant to serve interrogatories aimed at these issues appears to be the most efficient way for plaintiffs to hopefully answer questions concerning their practices of retaining and producing relevant and responsive documents and information. Although the court has granted leave for defendant to reopen the Rule 30(b)(6) deposition of plaintiffs, the undersigned encourages defendant to craft its interrogatories—and plaintiffs to craft their responses—in a manner that may eliminate the need to reopen the deposition.

### E.  Conclusion

By **May 30, 2018,** defendant is granted leave to serve on plaintiffs up to five (5) supplemental interrogatories limited in scope to plaintiffs' employees' ESI habits and plaintiffs'

discovery efforts. Plaintiffs shall serve responses to the supplemental interrogatories on or before **June 7, 2018**. If necessary, within seven (7) calendar days of receipt of plaintiffs' responses to the interrogatories, defendant may notice another Rule 30(b)(6) deposition limited to the topics 1(f), 2, and 3 appearing in the Notice of Deposition to Plaintiffs (ECF No. 345). The deposition shall take place no later than **June 25, 2018,** and shall be limited to four (4) hours. Plaintiffs shall conduct a search of Dr. Berger's Gmail account to determine whether any responsive documents exist that were not previously produced. By **June 7, 2018**, plaintiffs shall produce these documents, if any, to defendant. The parties shall e-mail another joint status report to the undersigned by **June 28, 2018.** The status report shall update the court on the status of discovery.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Order Compelling Additional Discovery (ECF No. 361) is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated May 24, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
