IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RADIOLOGIX, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 15-4927-DDC-KGS |
| vs. ) | |
| ) | |
| RADIOLOGY AND NUCLEAR ) | |
| MEDICINE, LLC. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS USED TO PREPARE FOR DEPOSITION UNDER RULE 30(b)(6)**

Plaintiffs' corporate representative reviewed and relied upon communications between Plaintiffs' counsel and Plaintiffs' employees to prepare for and provide testimony at her Rule 30(b)(6) deposition. Plaintiffs' corporate representative provided testimony about issues on which she had no personal knowledge based on those communications. Plaintiffs' corporate representative made testimonial use of those communications, and Rule 612 of the Federal Rules of Evidence entitles Defendant Radiology and Nuclear Medicine, LLC ("RNM") to have an opportunity to inspect the communications and cross-examine the witness about them to test the veracity of her testimony. RNM therefore requests this Court grant its Motion to Compel Production of Documents Used to Prepare for Deposition Under Rule 30(b)(6), and offers the following Memorandum in support:

**I.    RELEVANT FACTUAL BACKGROUND**

On March 23, 2018, pursuant to this Court's Order, RNM took a deposition of Plaintiffs' corporate representatives pursuant to Federal Rule of Civil Procedure 30(b)(6). [Doc. 343]. During those depositions, the witnesses were unprepared to testify regarding a number of designated topics. Following that deposition, RNM filed a Motion to Compel Plaintiffs to

produce a corporate representative prepared to answer questions on all noticed topics. [Docs. 361 & 362].

On May 24, 2018, this Court entered its Order granting in part RNM's Motion to Compel additional discovery, which was based on Plaintiffs' failure to produce witnesses for a Rule 30(b)(6) deposition who were knowledgeable "about information known or reasonably available to the organization." FED. R. CIV. P. 30(b)(6). [Doc. 367].  In that Order, this Court stated that "plaintiffs inadequately prepared these [30(b)(6)] witnesses to testify on all designated topics." [*Id.* at p. 5].  The Court granted RNM's request to reopen the 30(b)(6) deposition, limited to Topics 1(f), 2, and (3), "as defendant had originally requested."  [*Id.* at p. 7].

On August 15, 2018, Plaintiffs again produced Jayne Rarrick to testify as a corporate representative pursuant to Rule 30(b)(6).  During the course of her deposition, Ms. Rarrick testified that to prepare for some of the designated topics, she reviewed certain e-mails from Plaintiffs' counsel and those e-mails formed the sole basis of her knowledge on those topics.

> Q. Before coming here today, did you do things to prepare for this deposition?
>
> A. Yes.
>
> Q. One of the things we talked about was that you reviewed e-mails, correct?
>
> A. Yes.
>
> [. . .]
>
> Q. Just to be clear, you reviewed documents that contained communications from counsel to prepare for this deposition today; is that right?
>
> A. I reviewed some e-mails between counsel and other custodians and the reply from those custodians as things that I reviewed for this.
>
> Q. And those e-mails provided you information that you otherwise did not have personal knowledge of?
>
> A. In some cases, yes.

Q.   And you're relying on that information that was provided to you in order to provide testimony here today; is that right?

A.   Yes.

[Exhibit A, Second Deposition of Jayne Rarrick Pursuant to FED. R. CIV. P. 30(b)(6) ("Rarrick Dep." 38:7-38:12, 42:22-43:10].

Rarrick provided answers to some of Defendant's questions based solely on the e-mails she reviewed in preparation for her deposition.  For example, when answering questions regarding Steve Forthuber's network drives, her testimony was based solely on the e-mails, and not on her personal knowledge or conversations with Forthuber:

Q.   Did Mr. Forthuber have access to network drives?

A.   Yes.

Q.   Do you know how many network drives?

A.   I do not.

Q.   Did he store documents on network drives?

A.   He had some documents on network drives.

Q.    How did you come to understand that he had some documents on network drives?

A.   Because he provided that information to counsel.

Q.   In the e-mails that you reviewed before coming here today?

A.   Yes.

[Ex. A, Rarrick Dep. 18:9-24]

Both during and after the deposition, counsel for Defendant requested that counsel for Plaintiffs produce the e-mails that Ms. Rarrick reviewed in preparation for her deposition and that formed the basis for her testimony.  Counsel exchanged several e-mails on this topic, and ultimately Plaintiffs refused to produce those documents.  [Exhibit B, e-mails between counsel].

On September 13, 2018, at the direction of the Court, the parties again met and conferred by telephone regarding this issue. During that telephone conference, Defendant proposed that Plaintiffs redact unrelated attorney mental impressions from the e-mails and provide those redacted copies to Defendant. Production of redacted e-mails served a dual purpose of allowing Defendant to learn the information regarding how custodians were instructed to search and the searches they performed, and protect the unrelated mental impressions of Plaintiffs' counsel. Plaintiffs refused to provide the e-mails in any form, and this Motion follows.

## II.     ARGUMENT AND AUTHORITIES

### A.     Documents That Form the Basis for a Corporate Representative's Testimony Must Be Produced Pursuant to Federal Rule of Evidence 612

Defendant requested that Plaintiffs produce e-mails that formed the basis for Ms. Rarrick's corporate representative testimony pursuant to Federal Rule of Evidence 612. Rule 612 states:

> (a) **Scope.** This rule gives an adverse party certain options when a witness uses a writing to refresh memory:
>
> > (1) while testifying; or
> >
> > (2) before testifying, if the court decides that justice requires the party to have those options.
>
> (b) **Adverse Party's Options; Deleting Unrelated Matter.** Unless 18 U.S.C. § 3500 provides otherwise in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.

FED. R. EVID. 612.

This Court has adopted a three-part test to determine whether documents should be produced under Rule 612.

4

> In order to obtain disclosure of a writing used by a witness prior to testifying, a party must meet three conditions: (1) the witness must use the writing to refresh his or her memory; (2) the witness must use the writing for the purpose of testifying; and (3) the court must determine that production is necessary in the interests of justice. *Id.* at 254. The party must also show that the documents "actually influenced the witness' testimony."

*N. Natural Gas Co. v. Approx. 9117.53 acres in Pratt, Kingman, and Reno Counties, Kan.*, 289 F.R.D. 644, 650 (D. Kan. 2013). Here all elements of the test are met, and the documents should be produced.

### 1. **Ms. Rarrick used the e-mails at issue to refresh her recollection and for the purpose of testifying.**

Ms. Rarrick specifically testified that she reviewed e-mails before the corporate representative deposition, that she had no personal knowledge of some of the matters contained in those e-mails, and that she relied on those e-mails during her testimony, which in fact formed the sole basis for her testimony. [*See* Ex. A, Rarrick Dep. at 18:9-24; 42:22-43:10].

For example, Ms. Rarrick had no personal knowledge of whether Steve Forthuber stored documents on network drives and which network drives he had access to. She gleaned that information solely from the e-mails that she reviewed prior to her deposition to refresh, or indeed create, her recollection.

> Q. How did you come to understand that he had some documents on network drives?
>
> A. Because he provided that information to counsel.
>
> Q. In the e-mails that you reviewed before coming here today?
>
> A. Yes.

[Ex. A, Rarrick Dep. 18:9-24]. Ms. Rarrick clearly (1) used the documents to refresh her recollection prior to the deposition, (2) used those documents for the purpose of testifying, and (3) the documents actually influenced her testimony.

5

### 2. Production is necessary in the interests of justice.

To evaluate whether production was necessary in the interest of justice, Judge Bostwick in *Northern Natural Gas* applied the multifactor balancing test set forth by the District of Maryland in *Nutramax Laboratories, Inc. v. Twin Laboratories, Inc.*, 183 F.R.D. 458 (D. Md. 1998). *N. Natural Gas*, 289 F.R.D. at 650. As in *Northern Natural Gas*, those factors weigh in favor of production here.

First, the status of the witness. The *Nutramax* court noted that a witness' status as 30(b)(6) witness, like Ms. Rarrick, weighs in favor of production. "There is a greater need to know what materials were reviewed by expert and designee witnesses in preparation for depositions since the substance of their testimony may be based on sources beyond personal knowledge." *Nutramax*, 183 F.R.D. at 469. Ms. Rarrick clearly testified regarding matters beyond her personal knowledge, as she acknowledged that the e-mails at issue here were the sole basis of her testimony on certain subjects. [Ex. A, Rarrick Dep. at 18:9-24; 42:22-43:10].

Second, when the events took place. Here, Ms. Rarrick was testifying as to events in which she was not involved that took place at the outset of this litigation, nearly three years before her deposition. The *Nutramax* court noted that "a deposing attorney has a legitimate need to know whether the witness is testifying from present memory, unaided by any review of extrinsic information, present memory 'refreshed' by reference to other materials, or really has no present memory at all, and can only 'testify' as to what is memorized in writings prepared by the witness or others." *Nutramax*, 183 F.R.D. at 469.

Third, when the documents were reviewed. Ms. Rarrick testified that she reviewed the e-mails at issue in preparation for her August 15, 2018, deposition, and that she relied on them to provide testimony. "The nearer the review of documents to the date of the deposition may affect

whether the court concludes that the purpose was to prepare for testimony." *Nutramax*, 183 F.R.D. at 469. Ms. Rarrick additionally testified that she brought the documents with her to the deposition, but counsel for Plaintiffs simply refused to provide them. [Ex. A, Rarrick Dep. at 40:9-12]. Ms. Rarrick's choice to bring the e-mails with her is further indication that they provided the basis for her testimony that day.

Fourth, the number of documents reviewed. The *Nutramax* court noted that courts should be more inclined to order production when a witness reviews a small number of documents directly related to a key issue. *Nutramax*, 183 F.R.D. at 469-70. Here, Ms. Rarrick reviewed approximately 60 pages of e-mails that go directly to the heart of the reasons for which this Court ordered Plaintiffs to produce a 30(b)(6) witness and which formed the basis for her testimony. These documents go to key issues in the deposition regarding Plaintiffs' discovery efforts.

Finally, whether there are concerns regarding concealment or destruction of evidence. "If the court believes that there may have been inappropriate conduct affecting either testimonial or documentary evidence in the case, and the documents demanded under Rule 612 relate to these concerns, then disclosure may be required." *Id.* at 470. This factor weighs heavily in favor of production. The purpose of the 30(b)(6) deposition was to permit Defendant to explore Plaintiffs' deficient discovery process and its concealment of relevant documents. "[T]he court agrees that the recent Rule 30(b)(6) depositions raise questions about plaintiffs' practices concerning document retention and identification," [Doc. 367 at p. 9]. The e-mails at issue go directly to how Plaintiffs conducted discovery.

As in *Northern Natural Gas*, the factors in this case weigh in favor of disclosure. Therefore, Plaintiffs should be required to produce the e-mails that Ms. Rarrick reviewed in preparation for the 30(b)(6) deposition and which formed the basis for her testimony.

### B. Any Privilege that May Have Extended to the E-Mails Has Been Waived

To the extent that any of the e-mails Ms. Rarrick reviewed contained privileged information, that privilege has been waived. It is well established that when a witness testifies regarding the content of an otherwise privileged document, that privilege is waived.[1] *U.S. v. Nobles*, 422 U.S. 225, 239, n. 14 (1975) (where a party makes testimonial use of normally privileged materials, the privilege is waived and normal rules of evidence apply); *In re Human Tissue Products Liability Litigation*, 255 F.R.D. 151, 158 (D.N.J. 2008) (attorney-client privilege is impliedly waived where client affirmatively places otherwise privileged information at issue in the case); *IMC Chemicals, Inc. v. Niro Inc.*, No. 98-2348-JTM, 2000 WL 1466495, at *13 (D. Kan. July 19, 2000) ("clients waive the attorney-client privilege when they disclose any part of known privileged matter or consent to such disclosure by anyone else.").

This Court has recognized the danger of using privileged documents to prepare witnesses and cautioned attorneys to act accordingly:

> Considering Sprint's desire to protect disclosure of privileged information and materials, counsel may wish to exercise caution in preparing the witness or witnesses with privileged information or documents, otherwise the privilege may be waived.

*Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 529 (D. Kan. 2006). The Court's warnings of potential waiver in the *Sprint* case have become reality here. Ms. Rarrick not only used allegedly privileged documents to prepare for her deposition, but she relied on

---

[1] Here, Ms. Rarrick testified as the corporate representative for both Plaintiffs. As the corporate representative, she was given authority to speak on behalf of and bind the Plaintiffs. Therefore, any waiver that occurred during the deposition was a waiver by Plaintiffs.

8

those documents during the deposition and testified regarding the contents of those documents, at times attempting to recall and repeat the exact contents of the documents. [Ex. A, Rarrick Dep. at 16:10-19:16]. Ms. Rarrick testified that the documents formed the basis for her testimony – she had to testify regarding the contents of the documents, otherwise she would have been able to offer no testimony at all.

Plaintiffs should not be allowed to use the attorney-client privilege or work product doctrine as a sword by having their corporate representative testify based on privileged material and as a shield when Defendant seeks to examine those documents to test the veracity of the witness' testimony. *See Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 704 (10th Cir. 1998) ("a litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion."); *IMC Chemicals*, 2000 WL 1466495, at *22 ("To be sure, parties may not use the attorney-client privilege as both a shield and a sword. Parties may not use the privilege to prejudice their opponent's case or to disclose some selected communications for self-serving purposes.") (internal quotations and citations omitted). Ms. Rarrick's reliance on documents to provide her corporate representative testimony waived any privilege, and those documents must be produced.

### C. In the Alternative, Plaintiffs Should Be Required to Submit the Documents in Camera so that the Court May Redact Statements that Remain Privileged

Rule 612 provides an alternative remedy to address Plaintiffs' claims that portions of the reviewed e-mails contain work product: "If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party." FED. R. EVID. 612(b). The *Nutramax* echoed that alternative, noting that where the documents reviewed contain attorney work

product, they may require redaction prior to production. *Nutramax*, 183 F.R.D. at 470. The same procedure may be used here.

If the Court determines that it is necessary to address Plaintiffs' claim of privilege, it should order that the documents be produced in camera. The Court may then review the e-mails at issue, redact any portions that contain attorney-client privileged or work product communications where the privilege has not been waived, and produce the remainder to Defendant. In this manner, the Court can balance Plaintiffs' claim of privilege with Defendant's need for information regarding Plaintiffs' deficient discovery process.

### III.  CONCLUSION

Prior to her 30(b)(6) testimony regarding Plaintiffs' discovery efforts and practices, Ms. Rarrick relied on certain e-mail communications which formed the basis for her testimony. To the extent those communications were privileged, the privileged has been waived. Moreover, the balancing tests established by this Court weighs in favor of production. As such, this Court should enter an order directing Plaintiffs to produce the documents Ms. Rarrick reviewed or, in the alternative, direct Plaintiffs to submit those documents in camera for the Court to review.

Respectfully submitted,

SPENCER FANE LLP

*s/ Patrick A. McInerney*
Michael F. Saunders KS #26583
Blane R. Markley, KS #23262
Kathryn G. Lee, KS #21954
Mark Cole, KS #25349
9401 Indian Creek Parkway
Suite 700, 40 Corporate Woods
Overland Park, KS 66210-0200
Tel: (913) 345-8100
Fax: (913) 345-0736

>msaunders@spencerfane.com
>bmarkley@spencerfane.com
>klee@spencerfane.com
>mcole@spencerfane.com
>
>and
>
>Patrick A. McInerney KS #22561
>1000 Walnut Street, Ste. 1400
>Kansas City, Missouri 64106-2140
>Tel: (816) 474-8100
>Fax: (816) 474-3216
>pmcinerney@spencerfane.com
>
>*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

This will certify that the original of the foregoing was served the 17th day of September, 2018, via the Court's electronic filing system, to:

Scott C. Nehrbass
Foulston Siefkin LLP
32 Corporate Woods, Suite 600
9225 Indian Creek Parkway
Overland Park, KS 66210-2000
snehrbass@foulston.com
Counsel for Plaintiffs
Radiologix, Inc., et al.

James M. Armstrong
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
jarmstrong@foulston.com
Counsel for Plaintiffs
Radiologix, Inc., et al.

>*s/ Patrick A. McInerney*
>Attorney for Defendant

11