**EXHIBIT B**

| | |
|---|---|
| **From:** | Nehrbass, Scott <snehrbass@foulston.com> |
| **Sent:** | Friday, September 7, 2018 11:19 AM |
| **To:** | Cole, Mark |
| **Cc:** | McInerney, Patrick; Markley, Blane; Lee, Kathryn; Winchell, Betsy; Armstrong, Jim |
| **Subject:** | RE: Radiologix v. RNM -- privileged and work product documents reviewed by Ms. Rarrick in preparation for 30(b)(6) deposition |

Mark,

Respectfully, we are unmoved by the arguments in your email below.

First, it would appear that you and Ms. Lee have miscommunicated in some way regarding the documents she produced following Dr. Owen's 30(b)(6) deposition. Dr. Owen said he prepared for the deposition by reviewing privileged communications he had with RNM's lawyers. None of those privileged communications reviewed by Dr. Owen in preparation for the 30(b)(6) deposition have ever been produced. I realize that you were not involved in this matter at that time and may not be aware of what transpired.

During Dr. Owen's deposition, a number of issues arose concerning certain documents. Among those issues was Dr. Owen's inability to identify the date of certain undated memos he had prepared while in a leadership position with RNM regarding RNM's relationship with Plaintiffs (e.g., Depo. Exs. 10 and 19). So, we asked that Dr. Owen go back and search his computer for the dates of those memos. In the course of doing so, Dr. Owen happened to find some additional documents. As Ms. Lee stated in her January 18, 2017, 4:05 p.m. email to me:

> Dr. Owen was able to locate the "Background" documents (Exs. 10 and 19) and "Organizational Structure" (Ex. 35) on his personal computer. The dates associated with those documents are consistent with the documents contained in the parties' production that I included in my email to you on Friday. The initial version of the "Background" document (Ex. 19) was dated 8/9/07. The subsequent version of the "Background" document (Ex. 10) was dated 11/12/08. The "Organizational Structure" document (Ex. 35) was dated 5/26/08. **In locating those dates, Dr. Owen also identified several documents that may not have been produced yet, which are attached here and Bates labeled RNM176114-176120.**

Ms. Lee did not, as you assert, produce documents that Dr. Owen had reviewed in preparation for the 30(b)(6) deposition. What Ms. Lee produced to us on January 18, 2017 were NOT any privileged communications or notes that Dr. Owen had reviewed in preparing for the 30(b)(6)

deposition; rather, she produced additional documents that Dr. Owen happened to find when he took another look at his computer after the 30(b)(6) deposition had been conducted.

Second, the cases you cite are inapplicable here. I have searched the deposition transcript, and at no point during the deposition did Ms. Rarrick make use of the privileged emails to refresh her recollection. As Ms. Rarrick stated in her deposition, Ms. Rarrick personally spoke with the RadNet custodians at issue, and she relied on those personal conversations with them. Ms. Rarrick testified to her personal conversations with Mr. Forthuber, Mr. Horn, Mr. Patel, Ms. Powell, Ms. Hollabaugh, Mr. Bazhaw, Ms. Foster, Ms. Crothers, Ms. Saly, Mr. Shaw, and Ms. McCall. The privileged emails Ms. Rarrick reviewed are largely cumulative of this information that Ms. Rarrick provided in response to your actual questions based on her own personal conversations with these custodians. Moreover and as a reminder, the privileged emails relate merely to discovery issues – to the collection of documents that might be relevant to this matter. The privileged emails have nothing to do with the actual merits of the case, as did the documents in the cases you cited. Under these circumstances, the interests of justice clearly do not require the production of the privileged and work product emails Ms. Rarrick reviewed in preparation for the 30(b)(6) document collection-related deposition you took in this case.

My firm was quite meaningfully involved in the Judge Bostwick case you cite, *N. Nat. Gas Co. v. Approximately 9117.53 Acres in Pratt, Kingman, & Reno Ctys., Kan*., 289 F.R.D. 644 (D. Kan. 2013), which we know as the LD Drilling matter. In that case, **there were no privileged documents at issue**. The only question was whether documents THAT HAD ALREADY BEEN PRODUCED, selected by counsel, and given to the witness for review prior to a deposition constituted work product. Judge Bostwick found "the Tenth Circuit has not ruled on the issue of whether the attorney's selection of documents to show a witness in preparation for a deposition constitute work product"; identified numerous District of Kansas cases (none decided by Judge Sebelius) in which the issue had been addressed; and concluded that, with the exception of a single decision from former Judge Theis, the District of Kansas courts had uniformly held that "an attorney's selection of documents shown to a witness in preparation for deposition testimony does not constitute work product **where those documents have already been produced during discovery**." *Id*. at 648 (emphasis added). Secondarily, Judge Bostwick considered whether the witness's "acknowledging that he had reviewed the documents and that they did refresh his recollection" justified their production under FRE 612. Here again, however, Judge Bostwick made clear that the documents at issue **HAD ALREADY BEEN PRODUCED** during discovery and **WERE NOT PRIVILEGED OR WORK PRODUCT**. *Id*. at 652 ("it appears to be undisputed that none of the documents shown to these witnesses contains any such pure attorney work product" and "all documents reviewed by the witnesses had been produced by Northern during the paper discovery phase of the case"). Thus, Judge Bostwick's LD Drilling decision and the entire line of cases Judge Bostwick discusses therein are completely distinguishable.

Our firm was also involved in the Judge Waxse case you cite, *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524 (D. Kan. 2006).  The issues at hand in that case were nothing like those at issue here. Sprint was facing a 30(b)(6) deposition on a patent it was seeking to enforce, and Sprint protested that the only possible designees to testify on the 30(b)(6) topics were Sprint's in-house attorneys who had worked on the patent. Judge Waxse rejected Sprint's arguments, holding that Sprint was "under no obligation to choose an attorney as its 30(b)(6) designee" and free to designate a "non-attorney deponent" "regardless of prior and/or personal knowledge regarding the subject matter." *Id*. at 529. Judge Waxse further rejected Sprint's assertion that "all information pertaining to the subjects listed in the Notice are protected from disclosure by attorney-client privilege as a result of the fact that Sprint attorneys were involved in prosecuting the patents at issue." *Id*. But **Judge Waxse left open the possibility that there might be "privileged and protected communications" with the Sprint in-house attorneys**. *Id*. Here, Plaintiffs' non-attorney deponent, Ms. Rarrick, was fully prepared to answer and did answer your questions, and no facts were withheld on any assertion that they were somehow privileged because they had been communicated through in-house attorneys. Instead, what Plaintiffs have refused to produce are the actual "privileged and protected communications" that occurred between the outside lawyers and the custodians. And, to reiterate, you did not include in your deposition notice any request that Ms. Rarrick bring such documents with her to the deposition.

Respectfully, these continued efforts on your part to drag out the discovery process unnecessarily and avoid trying this matter on the merits have grown tiresome and need to end.

Thank you.

Scott C. Nehrbass
Foulston Siefkin LLP
32 Corporate Woods, Suite 600
9225 Indian Creek Parkway
Overland Park, Kansas 66210-2000
913.498.2100
866.347.1472 FAX
snehrbass@foulston.com

**IMPORTANT:** This communication contains information from the law firm of Foulston Siefkin LLP which may be confidential and privileged. If it appears that this communication was addressed or sent to you in error, you may not use or copy this communication or any information contained therein, and you may not disclose this communication or the information contained therein to anyone else. In such circumstances, please notify me immediately by reply email or by telephone. Thank you.

**From:** Cole, Mark <mcole@spencerfane.com>
**Sent:** Thursday, August 30, 2018 9:01 AM
**To:** Nehrbass, Scott <snehrbass@foulston.com>
**Cc:** McInerney, Patrick <pmcinerney@spencerfane.com>; Markley, Blane <bmarkley@spencerfane.com>; Lee, Kathryn <klee@spencerfane.com>; Winchell, Betsy <bwinchell@spencerfane.com>; Armstrong, Jim <jarmstrong@foulston.com>
**Subject:** RE: Radiologix v. RNM -- privileged and work product documents reviewed by Ms. Rarrick in preparation for 30(b)(6) deposition

Scott –

Thank you for providing the list of documents reviewed by Ms. Rarrick to prepare for her corporate representative deposition under FRCP 30(b)(6), and confirming that she reviewed emails between counsel and the RadNet custodians. Rule 612 of the Federal Rules of Evidence dictates that RNM is entitled to receive those emails. Rule 612 provides that if "a witness uses a writing to refresh memory . . . before testifying," then "an adverse party is entitled to have the writing produced at the hearing, to inspect it, [and] to cross-examine the witness about it . . . ." Ms. Rarrick testified that she reviewed and relied on the information in the emails to provide her testimony because she lacked personal knowledge on issues addressed by the emails. Additionally, Ms. Rarrick was not sure about how the RadNet custodians were asked about certain sources of documents. For example, Ms. Rarrick reviewed email between counsel and Mr. Forthuber about Mr. Forthuber's email storage habits, but she could not recall how Mr. Forthuber was asked about those habits or his specific responses, only that "He just didn't save them off anywhere else."

Judge Bostwick analyzed a similar dispute and concluded that Rule 612 required the disclosure of documents reviewed by witnesses in preparation for their depositions. *N. Nat. Gas Co. v. Approximately 9117.53 Acres in Pratt, Kingman, & Reno Ctys., Kan.*, 289 F.R.D. 644 (D. Kan. 2013). Other courts have found that disclosure is required even when the documents contain work product. *See, e.g.*, *In re Neurontin Antitrust Litig.*, No. 02-1390, 2011 WL 253434, at *17 (D.N.J. Jan. 25, 2011), aff'd, No. 02-1390, 2011 WL 2357793 (D.N.J. June 9, 2011) ("PHV counsel also put work product into issue by having the second Rule 30(b)(6) witness rely on the four corners of the outline PHV counsel prepared to testify about the factual bases for the denials while using work product objections to curtail exploration of these factual bases."). In another similar situation, Judge Waxse cautioned that while a party "may adequately comply with the Rule 30(b)(6) deposition notice by choosing one or more non-attorney deponents—regardless of prior and/or personal knowledge regarding the subject matter—and having them review memoranda, notes, applications, documents and all other matters 'reasonably available' to the corporation . . . counsel may wish to exercise caution in preparing the witness or witnesses with privileged information or documents, otherwise the privilege may be waived." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 529 (D. Kan. 2006). Here, Ms. Rarrick reviewed documents specifically to prepare for her deposition and relied upon the information in those documents to provide testimony. Her testimonial use of that information waived any privilege that could have been asserted, and those documents should be produced.

Your reference to Dr. Owen's 30(b)(6) testimony does not change this conclusion. On January 18, 2017, Ms. Lee sent an email to you providing answers to your questions about the documents Dr. Owen reviewed, and RNM produced those documents. Based on those documents, you later deposed Dr. Owen in his individual capacity.

We reiterate our demand that you produce the documents reviewed and relied upon by Ms. Rarrick to testify at her 30(b)(6) deposition. We are available to discuss this issue by phone if you believe that would be helpful.

**Mark Cole**
Spencer Fane LLP
913-327-5108

> **From:** Nehrbass, Scott [mailto:snehrbass@foulston.com]
> **Sent:** Thursday, August 23, 2018 9:40 AM
> **To:** Cole, Mark
> **Cc:** McInerney, Patrick; Markley, Blane; Lee, Kathryn; Winchell, Betsy; Armstrong, Jim

4

**Subject:** RE: Radiologix v. RNM -- privileged and work product documents reviewed by Ms. Rarrick in preparation for 30(b)(6) deposition

Mark,

I am writing in response to your request regarding documents that Ms. Rarrick reviewed in preparation for the follow-up 30(b)(6) deposition of Plaintiffs on the narrowed topics, as required by Judge Sebelius. As I recall, it was not until late during the 30(b)(6) deposition that you asked Ms. Rarrick what she did to prepare. At that time, Ms. Rarrick told you that she had spoken with many of the RadNet custodians directly, and she identified each of those custodians by name. She indicated that she relied on those conversations in preparing for the deposition. Secondarily, Ms. Rarrick mentioned that she had reviewed some documents, but, to the best of my recollection, you never asked Ms. Rarrick to identify the specific documents that she had reviewed.

As a demonstration of our good faith and reasonable efforts to resolve these alleged concerns of yours relating to the documents that Ms. Rarrick reviewed, here is a list of those documents:

- The Deposition Notice
- The ESI Protocol
- The Amended Responses to the 3rd Interrogatories to Plaintiffs
- The 11/26/10 Letter from Dr. Allen
- Dr. Owen's Declaration
- Dr. Coon's Declaration
- The Deposition Transcript from Ms. Rarrick's 3/23/18 30(b)(6) deposition
- The HIPAA/HITECH Information Security Policy & Procedure Manual
- Some privileged emails between counsel and the RadNet custodians, including emails with Ms. Rarrick

You asked that the emails be produced, but I objected on the grounds that (1) you had not included any request for documents in your deposition notice as required by Rule 30(b)(2), and Ms. Rarrick had therefore not brought with her to the deposition any documents; and (2) that the emails Ms. Rarrick had reviewed were, in any event, attorney-client privileged and work product documents created after litigation commenced and protected by Rule 26. The emails Ms. Rarrick reviewed were communications between me and my clients that occurred after the litigation was filed, including during the course of discovery, and contain, reveal, or touch upon mental impressions and opinions of counsel. None of them are discoverable, and none became discoverable just because Ms. Rarrick happened to review them in preparation for the 30(b)(6) deposition. Any information in those materials was discoverable through other means – most notably, by taking the deposition of Ms. Rarrick on the topics and having

5

her provide the nonprivileged "information known or reasonably available to the organization" on the narrowed topics, without disclosing privileged communications with counsel and the mental impressions of counsel.

As I articulated during the deposition, a privileged, work product email does not somehow magically become unprivileged just because a witness was shown that email and reviewed it in preparation for a 30(b)(6) deposition of the company. Rule 30(b)(6) is part of Title V of the Federal Rules of Civil Procedure regarding "Disclosures and Discovery." Everything under Title V is subject to Rule 26, which expressly limits discovery to "nonprivileged matter that is relevant to any party's claim or defense." And Judge Sebelius himself recently ruled, in the context of allowing 30(b)(6) deposition "contention topics," that the Rule 30(b)(6) representative "do[es] not have to produce information that is protected by the attorney-client privilege or the work-product doctrine" and "the Rule 30(b)(6) representative will have counsel present to protect privileged matters." *Pipeline Prods. v. Madison Cos., LLC*, 2018 U.S. Dist. LEXIS 116654, *4 (D. Kan. July 13, 2018) (Sebelius, J.).

Company witnesses are commonly shown privileged communications or work product from the company's counsel when preparing for 30(b)(6) depositions. Indeed, as I speculated on the record during Ms. Rarrick's deposition and later confirmed upon review of RNM's 30(b)(6) deposition, Dr. Owen reviewed privileged items in preparing for the 30(b)(6) deposition of RNM, and those items have not been produced:

> Q. What did you do to prepare for you deposition today, aside from meeting with counsel? And to be clear, I don't want to know what you talked about with your lawyers.
>
> A. Sure. I read through some of the -- some of the notes I had from phone calls over the years related to the matter. I've read through a variety of letters, reviewed a few contracts. That's pretty much it.
>
> Q. Okay. The notes from phone calls, are those notes from phone calls with your attorneys that would contain communications with them or are they different from that?
>
> A. Some of them were with the attorneys.
>
> (Owen 30(b)(6) Depo., at 14:9-24).

For these and other reasons, we decline to produce the privileged and work product emails between Plaintiffs' counsel and Ms. Rarrick or other representatives of Plaintiff.

Thank you.

Scott C. Nehrbass
Foulston Siefkin LLP
32 Corporate Woods, Suite 600
9225 Indian Creek Parkway
Overland Park, Kansas 66210-2000
913.498.2100
866.347.1472 FAX
snehrbass@foulston.com

**IMPORTANT:** This communication contains information from the law firm of Foulston Siefkin LLP which may be confidential and privileged. If it appears that this communication was addressed or sent to you in error, you may not use or copy this communication or any information contained therein, and you may not disclose this communication or the information contained therein to anyone else. In such circumstances, please notify me immediately by reply email or by telephone. Thank you.

---

**From:** Cole, Mark <mcole@spencerfane.com>
**Sent:** Thursday, August 16, 2018 6:17 PM
**To:** Nehrbass, Scott <snehrbass@foulston.com>; Armstrong, Jim <jarmstrong@foulston.com>
**Cc:** McInerney, Patrick <pmcinerney@spencerfane.com>; Markley, Blane <bmarkley@spencerfane.com>; Lee, Kathryn <klee@spencerfane.com>; Winchell, Betsy <bwinchell@spencerfane.com>
**Subject:** Radiologix v. RNM -- 30(b)(6) deposition

Scott –

I write to reiterate my request at the deposition yesterday of 30(b)(6) witness Jayne Rarrick for documents reviewed and relied upon by Ms. Rarrick for her testimony.  Ms. Rarrick testified that she reviewed and relied on documents to provide testimony on 30(b)(6) topics for which she had little or no personal knowledge.  Under Federal Rule of Evidence 612, my client was entitled to have those documents produced at the deposition and to question Ms. Rarrick about those documents.  Despite Ms. Rarrick testifying that the documents were available, you refused to produce those documents at the deposition based on privilege.  Even if the documents reviewed and relied upon by Ms. Rarrick were originally privileged, any privilege was waived by Ms. Rarrick testifying about the contents of those documents and using the contents of the documents to form her testimony.

We request that you reconsider your position and produce the documents reviewed and relied upon by Ms. Rarrick for her 30(b)(6) testimony.

**Mark Cole**  Of Counsel
Spencer Fane LLP

9401 Indian Creek Parkway, Suite 700 | Overland Park, KS 66210
**O** 913.327.5108
mcole@spencerfane.com | spencerfane.com