# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RADIOLOGIX, INC., et al.<br><br>    Plaintiffs,<br><br>v.<br><br>RADIOLOGY AND NUCLEAR MEDICINE, LLC.<br><br>    Defendant. | Case No. 15-04927-DDC-KGS<br><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF PRIVILEGED EMAILS REVIEWED IN PREPARING FOR 30(b)(6) DEPOSITION** |

Plaintiffs submit this response to Defendant's Motion to Compel the production of privileged emails that Plaintiffs' corporate representative reviewed in preparation for a 30(b)(6) deposition of Plaintiffs as a company. Critically, Defendant did not attach to its 30(b)(6) deposition notice any kind of request for documents. The company representative who was deposed, Ms. Jayne Rarrick, therefore did not bring with her into the deposition room any documents, let alone the privileged documents Defendant never requested but now seeks to have compelled. Furthermore, Defendant's motion does not involve an individual deposition, but a 30(b)(6) company deposition. Hence, Ms. Rarrick did not use or review the privileged emails to refresh **her own** memory or recollection, but to make sure she was educated and prepared to provide testimony on behalf of the Plaintiffs "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). This demonstrates the irony in Defendant's position. After Ms. Rarrick's first 30(b)(6) deposition, Defendant complained that Ms. Rarrick was not prepared enough. This time, Defendant plays a game of "gotcha," arguing Plaintiffs' counsel prepared Ms. Rarrick too well by showing her privileged emails and allowing her to rely on them. This argument is not only unfair and unjust, but not in keeping with either the letter or the spirit of Rule 30(b)(6).

**A. Defendant's Motion Should Be Denied Because There Was No Request for Documents Accompanying the Deposition Notice, and Ms. Rarrick DID NOT Bring the Documents with Her to the Deposition.**

Under Federal Rule of Civil Procedure 30(b)(2), "[t]he notice to a party deponent may be accompanied by a request complying with Rule 34 to produce documents and tangible things at the deposition." As Plaintiffs' counsel noted on the record during the deposition, Defendant failed to accompany its 30(b)(6) notice with any such request, and Ms. Rarrick therefore did not bring any documents with her into the deposition: "I don't think you had a document request attached to the notice for deposition, and I haven't prepared to produce everything that she may have reviewed."[1] (Ex. A, at 40:18-21.) Defendant's motion should be rejected on that basis alone. If Defendant wanted Ms. Rarrick to bring the documents she reviewed, then it should have asked.

In addition to not making any document request, Defendant never even asked Ms. Rarrick to specifically identify what documents she had reviewed in preparing for the 30(b)(6) deposition. It was not until very late during the 30(b)(6) deposition that Defendant's counsel asked Ms. Rarrick what she did to prepare. (Ex. A, at 38:7-8.) At that time, Ms. Rarrick testified that she had prepared by speaking with many of the non-Topeka RadNet custodians directly, identifying each of those custodians by name. (Ex. A, at 38:15-39:11.) Ms. Rarrick indicated that she relied primarily on those direct conversations "so I could tell you that I had spoken to them directly and understood certain things that they had communicated previously regarding collection of the data." (Ex. A, at 39:8-11.) It was only secondarily that Ms. Rarrick mentioned that she had reviewed some emails between the custodians and counsel. (See Ex. A, entire 50-page transcript.)

---

[1] In its brief, Defendant claims that "Ms. Rarrick additionally testified that she brought the documents with her **to the deposition**." This statement is false. Ms. Rarrick specifically testified that "I don't" have the documents "in here" during the deposition. (Ex. A, at 40:13-14.) As this Court is undoubtedly well-aware and is customary in all cases, defending counsel instructs a deponent not to bring documents into a deposition unless the deposing counsel has attached a document request to the deposition notice. That is what happened here. It is disingenuous for Defendant to suggest otherwise.

Despite Defendant's counsel's failure to ask either before or during the deposition for identification of the documents Ms. Rarrick reviewed, as a demonstration of Plaintiffs' good faith, Plaintiffs' counsel provided Defendant's counsel a list of the documents Ms. Rarrick reviewed:

- The Deposition Notice
- The ESI Protocol
- The Amended Responses to the 3rd Interrogatories to Plaintiffs
- The November 26, 2010 Letter from Dr. Allen
- Dr. Owen's Declaration
- Dr. Coon's Declaration
- The Deposition Transcript from Ms. Rarrick's 3/23/18 30(b)(6) deposition
- The HIPAA/HITECH Information Security Policy & Procedure Manual
- 61 pages of privileged emails between counsel and the RadNet custodians

This accommodation does not change the fact that the documents were not requested and there was no document request. Indeed, the Comments to Rule 30 indicate that "further examination" of a witness is only merited if the documents "**have been requested** but not produced." (Fed. R. Civ. P. 30, advisory notes.) Here, the documents simply were not requested. Plaintiffs went out of their way and above and beyond the call of the rules following the deposition, identifying the documents that Ms. Rarrick reviewed. But that act of good faith by Plaintiffs should not be turned against them to require Plaintiffs to also **produce** the privileged emails Ms. Rarrick reviewed.

**B. Defendant's Arguments Regarding Federal Rule of Evidence 612 and Waiver of Privilege Should Be Rejected.**

As the Court will recall, during the September 7, 2018 teleconference with the Court (see Doc. 390), counsel provided this Court with extensive oral argument regarding these issues and, in particular, the Kansas federal court cases cited by Defendant as support for its motion. Those cases – decisions of Judge Bostwick and Judge Waxse – are easily distinguishable, as argued to the Court and in the extensive email communications between counsel attached as Exhibit B to Defendant's Memorandum (Doc. 393, Ex. B):

3

- The decision of Judge Bostwick, *N. Nat. Gas Co. v. Approximately 9117.53 Acres in Pratt, Kingman, & Reno Ctys., Kan.*, 289 F.R.D. 644, 650 (D. Kan. 2013), involved documents that were **not privileged**, were **not work product**, had **already** been **produced**, and the individual deponent (**not a 30(b)(6) deponent**) had admittedly reviewed and used to refresh **his own** recollection.

- The decision of Judge Waxse, *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524 (D. Kan. 2006), did involve a 30(b)(6) deposition, but focused on Sprint's being "under no obligation to choose an attorney as its 30(b)(6) designee" and **free to designate a "non-attorney deponent" "regardless of prior and/or personal knowledge regarding the subject matter**." *Id*. at 529. Judge Waxse did reject Sprint's assertion that "all information pertaining to the subjects listed in the Notice are protected from disclosure by attorney-client privilege as a result of the fact that Sprint attorneys were involved in prosecuting the patents at issue," but **he left open the possibility that there might be "privileged and protected communications."** *Id*. This reasoning supports Plaintiffs' position, not Defendant's.

In light of the Court's understandably-imposed 10-page limit to these briefs and wishing not to be repetitive, Plaintiffs respectfully incorporate here the arguments set forth in their email correspondence and previously made to this Court during the September 7, 2018 teleconference.

1. **Additional Case Law Shows Ms. Rarrick's Reviewing the Privileged Emails in Preparation for a 30(b)(6) Deposition as a Company Witness Did Not Waive the Privilege and Production Is Not Necessary or In the Interests of Justice.**

The annotations to Rule 30(b)(6) reference a case that directly addresses Defendant's argument that Plaintiffs' privilege has somehow been automatically waived by Ms. Rarrick's alleged use of the privileged emails to "refresh her recollection" during a 30(b)(6) company deposition and preparation for same. In *In re Managed Care Litig.*, 415 F. Supp. 2d 1378, 69 Fed. R. Evid. Serv. 585 (S.D. Fla.), *remanded*, 416 F. Supp. 2d 1347 (J.P.M.L. 2006), the court specifically held that a privileged document that was reviewed and used by a 30(b)(6) witness in preparation for his deposition was still protected by attorney-client privilege. As in this case, the deposing party in the *Managed Care* case tried to "rely[] on cases holding that use of a privileged document to refresh a witness' recollection results in automatic waiver of the privilege." *Id*. at 1380. In the interests of justice, the court rejected these arguments and upheld the privilege.

4

The 30(b)(6) witness in the *Managed Care* case was himself a lawyer – Mr. Leonard Nelson, an in-house lawyer with the Office of General Counsel of the American Medical Association or "AMA." *Id.* at 1379. Mr. Nelson had prepared to testify and did testify as the designated 30(b)(6) representative of the AMA on the topic of "[a]ny actual or contemplated litigation against any Defendant, including, but not limited to your assessment o[f] whether to participate as a party in any case consolidated" in the Managed Care litigation." *Id.* Importantly, like Ms. Rarrick here, Mr. Nelson did not have personal knowledge of all of the facts to which he testified; Mr. Nelson testified that he was not himself "privy to all of the Board's discussions and deliberations related to whether the AMA should join as a party, but mentioned that he reviewed reports sent to the Board and thought about the matter in preparation for the deposition." *Id.*

Defendants argued that the AMA had waived the privilege, making the very same arguments that Defendant makes here:

> Defendants argue that the AMA's deliberate choice of a 30(b)(6) designee without personal knowledge of the facts giving rise to the AMA's decision to not participate as a party created the "dilemma" noted by the AMA - the tension between complying with the 30(b)(6) requirements and maintaining the privileged nature of the report. . . . Second, relying on cases holding that use of a privileged document to refresh a witness' recollection results in automatic waiver of the privilege, the Defendants argue that Mr. Nelson's review of the report resulted in automatic waiver of any privilege.

*Id.* at 1380. The AMA countered that Mr. Nelson had simply "used the document 'to educate' himself" and prepare to testify as a 30(b)(6) witness for the AMA, "rather than 'to refresh' his memory as required by Federal Rule of Evidence 612." *Id.* at 1379. The court agreed with the AMA and rejected the defendants' arguments regarding the testimony of Mr. Nelson.

Regarding Defendants' "refreshing recollection" and FRE 612 argument, the court looked to the comments and case law regarding FRE 612 and soundly rejected the argument that there was somehow an "automatic waiver" of the attorney client privilege just because Mr. Nelson used

5

the privileged reports to prepare for and testify as the AMA's 30(b)(6) witness. *Id.* The court observed that Rule 612's advisory committee notes "recognize the potential conflict between the need for disclosure and assertions of privilege" and specifically state that "'**nothing in the Rule [should] be considered as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory**.'" *Id.* (quoting Fed. R. Evid. 612 advisory committee's notes). Thus, "the production of writings used to refresh a witness' recollection prior to testifying is **left to the discretion of the court in the interests of justice**." *Id.* (emphasis added) (citing Fed. R. Evid. 612 advisory committee's notes). Looking to the "leading appellate decision discussing Rule 612," the court determined that it was **the deposing party's burden** to "meet three conditions before they may obtain documents used by a witness before testifying: (1) the witness uses the writing to refresh his memory; (2) the witness uses the writing for the purpose of testifying; and (3) the court determines that production is necessary in the interests of justice."[2] *Id.* (citing *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985). Finally, looking to a Southern District of New York case

---

[2] As Defendant's brief notes, Judge Bostwick used these same three factors in *N. Nat. Gas Co.*, 289 F.R.D. at 650. But as the emails between counsel (Doc. 393, Ex. B) demonstrate, Judge Bostwick's case involved a different matter -- whether deposing counsel was entitled to know what documents the witness reviewed in preparing for his individual as opposed to 30(b)(6) deposition. **No privileged or work product documents were involved at all**:

> … it is undisputed that the purpose of the review of documents by the witness Dobbins was to refresh **his** memory for the purpose of testifying….
>
> . . . it appears to be undisputed that **none of the documents shown to these witnesses contains any such pure attorney work product**. . . .
>
> . . . **all documents reviewed by the witnesses had [already] been produced** by Northern during the paper discovery phase of the case.

*Id.* at 650, 652. Judge Bostwick's decision required production of non-privileged, non-work-product documents that had already been produced and that were admittedly reviewed by the individual witness in an individual deposition to actually refresh his own recollection! It is simply nothing like the case at bar. As demonstrated above and below, this case involves actually privileged, work product documents that have never been produced (or even requested!), Ms. Rarrick never even actually made use of the privileged emails during the 30(b)(6) deposition, and she certainly did not use them to refresh her own recollection. And, as noted above, Plaintiffs have in good faith identified for Defendant (even though deposing counsel never actually asked Ms. Rarrick to do so during her deposition) all of the documents Ms. Rarrick reviewed in preparing for the 30(b)(6) deposition.

published in the F.R.D., the court found that, ultimately, "the relevant inquiry is **not simply whether the documents were used to refresh the witness's recollection, but rather whether the documents were used in a manner which waived the attorney-client privilege**." *Id.* (emphasis added) (citing *Suss v. MSX Int'l Eng'g Servs., Inc.*, 283 F. Supp. 2d 469, 212 F.R.D. 159, 163 (S.D.N.Y. 2002)).

Ultimately, the court specifically rejected the defendants' argument that there had been a waiver of the privilege just because the in-house attorney Mr. Nelson used the privileged reports to prepare for and testify as a 30(b)(6) witness for the AMA. The court concluded that the deposition record and the interests of justice did not "require" disclosure of the privileged reports:

> Examining the record, the Court agrees . . . that the AMA did not waive the attorney-client privilege. Mr. Nelson, a lawyer in the AMA's Office of the General, reviewed the privileged document along with other materials in preparation for his deposition. None of his testimony during the deposition can be construed as constituting a waiver of the privilege. Accordingly, the Court finds that the interests of justice do not require disclosure of the Fall 2000 report.

*Id.* at 1381.

If Mr. Nelson's review and use of the privileged reports to testify as a 30(b)(6) witness for the AMA on matters of which he did not have personal knowledge did not constitute a waiver of the attorney-client privilege, then how much moreso does Ms. Rarrick's review and alleged use of privileged emails to testify here similarly not constitute a waiver. If there is no waiver of the attorney-client privilege when the AMA actually designates one of its own in-house lawyers to review attorney-client privileged reports and use them to testify on a topic that appears on its face to call directly for testimony of an attorney-client privileged nature – "[a]ny actual or contemplated litigation against any Defendant, including, but not limited to your assessment o[f] whether to participate as a party in any case consolidated" – then Ms. Rarrick's use of a few privileged emails to prepare for and provide responsive testimony in this case cannot possibly constitute a waiver.

7

**2. Defendant Has Not Met Its Burden of Showing That Ms. Rarrick Used the Writing to Refresh "Her" Memory or That Production of the Privileged Emails Is "Necessary" in the "Interests of Justice."**

**a. Ms. Rarrick did not use the privileged emails to refresh "her" recollection.**

Defendant wrongly claims that Ms. Rarrick used the privileged emails during the deposition to refresh her recollection. First, as an examination of the short, 50-page deposition will reveal, at no point during the deposition did Ms. Rarrick ask for or make use of any of the privileged emails. *See Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 2006 U.S. Dist. LEXIS 17202, *11 (S. D. Fla. 2006.) ("It is undisputed that Mr. Fletcher reviewed the contested document **before testifying**, **not during** his deposition testimony.") (emphasis added). Instead, she was able to provide testimony in response to all questions asked without referring to any documents. (Plaintiffs attach as their Exhibit A the entire 50-page transcript of Ms. Rarrick's deposition, not part of it.)

Second, even if Ms. Rarrick had asked for and made use of the privileged emails, she would not have done so to refresh **her own** recollection or memory of events that happened to her, but (like Mr. Nelson) to "educate" and inform herself regarding events or statements that related to other RadNet custodians. The emails with other custodians were utilized for purposes of educating Ms. Rarrick "about information known or reasonably available to the organization," not Ms. Rarrick's own memory. Fed. R. Civ. P. 30(b)(6). As demonstrated above, courts have recognized that a 30(b)(6) witness' using a privileged document to educate herself and provide responsive testimony on behalf of her company is not the same thing as using a privileged document during a deposition to refresh the witness' own memory and does not constitute a waiver of the privilege. See *In re Managed Care Litig.*, 415 F. Supp. 2d at 1379 (Mr. Nelson "reviewed the privileged document along with other materials in preparation for his deposition" so as to "'to educate'

8

himself" and prepare to testify as a 30(b)(6) witness for the AMA, not to refresh his own memory). That is what Ms. Rarrick did here.[3]

> **b. In any event, it is not "necessary" or "required," in the interests of justice, that Plaintiffs produce any (and certainly not all) of the privileged emails that Ms. Rarrick reviewed in preparing for the 30(b)(6) deposition.**

Even if Ms. Rarrick had actually used the privileged documents to refresh her own recollection (as opposed to educating herself on the company's knowledge for purposes of providing 30(b)(6) testimony), Defendant has not shown that the interests of justice require production of the privileged emails. The privileged emails at issue here have nothing to do with the actual merits of the case. They involve "discovery about discovery." Moreover, the nonprivileged information in the emails was discoverable and (to the extent a question was actually asked) actually discovered through other means – i.e., by taking the deposition of Ms. Rarrick on the topics and having her provide the nonprivileged "information known or reasonably available to the organization" on the narrowed topics.

Nearly all of the privileged emails Ms. Rarrick reviewed were cumulative of the information that Ms. Rarrick provided based on her own personal conversations with the custodians in question. The only example Defendant offers of Ms. Rarrick referring to a custodian's specific email is emails from Mr. Steve Forthuber. (Doc. 393, at 5.) That is for good reason. As a review of the entire 50-page transcript (Ex. A hereto) reveals, Mr. Forthuber's privileged emails are the only ones Ms. Rarrick refers to. Although Ms. Rarrick had personally spoken with Mr. Forthuber long before, he was the only custodian regarding whom questions were

---

[3] Defendant argues that Ms. Rarrick "relied on those documents during the deposition and testified regarding the contents of those documents, at times attempting to recall and repeat the exact contents of the documents." (Doc. 393, at 8-9.) What Ms. Rarrick was actually doing in the testimony referenced was not relying on Mr. Forthuber's emails or trying to recall or repeat exactly what they said, but trying to do what Rule 30(b)(6) required – i.e., providing the "information known and reasonably available to the organization" in response to the questions she was asked by deposing counsel. Nothing more and nothing less.

asked whom Ms. Rarrick had not recently interviewed (in preparation for the 30(b)(6) deposition) regarding data collection. Mr. Forthuber's emails are only a small subset – only 4 email exchanges – of the 61 pages of emails Ms. Rarrick reviewed.

"Simply looking at a document is not sufficient to trigger Rule 612," and courts are to "safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of the witness." FRE 612 advisory committee's notes; *see S. Saltzburg & K. Redden, Federal Rules of Evidence Manual* 418 (3d Ed.1982) (observing that not "every time a witness looks at any document in preparation for trial, that document should be disclosed to the other side.'"). Rather, the moving party must show that the witness actually consulted and relied upon the document. *Id.* Here, the only emails Defendant can possibly point to are those involving Mr. Forthuber, and Ms. Rarrick did not consult those during her testimony.

Finally, the Court can and should deny Defendant's Motion to Compel solely on the basis of the foregoing arguments. If the Court, however, in response to Defendant's request for an *in camera* review, indicates that it wishes to review the subject documents, Plaintiffs will promptly submit them to the Court for such a review.

## CONCLUSION

As this Court recently ruled, a Rule 30(b)(6) designee "do[es] not have to produce information that is protected by the attorney-client privilege or work-product doctrine" and should have "counsel present to protect privileged matters." *Pipeline Prods. v. Madison Cos., LLC*, 2018 U.S. Dist. LEXIS 116654, *4 (D. Kan. July 13, 2018) (Sebelius, J.). Ms. Rarrick was so protected here, and neither the rules nor justice require or call for this Court to discard that protection.

FOULSTON SIEFKIN LLP


By:   */s/ Scott C. Nehrbass*
Scott C. Nehrbass, KS #16285
32 Corporate Woods, Suite 600
9225 Indian Creek Parkway
Overland Park, KS  66210-2000
(913) 253-2144
(866) 347-1472 FAX
Email:  snehrbass@foulston.com

James M. Armstrong, KS #09271
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
(316) 291-9576
(866) 936-1936 FAX
Email:  jarmstrong@foulston.com

ATTORNEYS FOR PLAINTIFFS


### CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2018, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system that will send notice of electronic filing to the following:

Michael F. Saunders
Blane Markley
Patrick McInerney
Kathryn Lee
Mark Cole
SPENCER FANE BRITT & BROWNE LLP
9401 Indian Creek Parkway, Suite 700
Overland Park, KS  66210
Email:  msaunders@spencerfane.com
Email:  bmarkley@spencerfane.com
Email:  pmcinerney@spencerfane.com
Email:  klee@spencerfane.com
Email:  mcole@spencerfane.com

ATTORNEYS FOR DEFENDANTS


By:   */s/ Scott C. Nehrbass*
Attorney for Plaintiffs

11