# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RADIOLOGIX, INC., and )
RADIOLOGY AND NUCLEAR )
MEDICINE IMAGING PARTNERS, )
                                                                    )
       Plaintiffs, )
                                                                )
v. )    Case No. 15-4927-DDC
                                                                )
RADIOLOGY AND NUCLEAR )
MEDICINE, LLC, )
                                                                )
      Defendant. )

## MEMORANDUM AND ORDER

This matter comes before the court upon defendant's Motion to Compel Production of Documents Used to Prepare for Deposition Under Rule 30(b)(6) (ECF No. 392). Pursuant to Fed. R. Evid. 612, defendant seeks to compel production of emails between counsel and records custodians that were reviewed by a Fed. R. Civ. P. 30(b)(6) deponent in preparation for her deposition. Plaintiffs oppose the motion. For the reasons stated below, the motion is denied.

    **I.**    **Background**

The parties were scheduled to begin a two-week jury trial in early March when defendant discovered in late February that plaintiffs had not previously produced documents appearing on their final exhibit list. Judge Crabtree vacated the trial setting and referred this case back to the undersigned for management of additional discovery. During this period of discovery, the court granted leave for defendant to take plaintiffs' Fed. R. Civ. P. 30(b)(6) deposition, limited in scope to "the manner in which plaintiffs identified and collected documents for review and production."[1] Plaintiffs designated Jayne Rarrick and another individual as corporate

---
[1] Order at 1, ECF No. 343.

representatives. Ms. Rarrick was an employee of Plaintiff Radiology and Nuclear Medicine Imaging Partners, Inc. (RNMIP) from 1998 through 2015 and is now the only remaining RNMIP employee in Topeka, Kansas. During the deposition, the witnesses were unable to answer certain questions, and defendant subsequently moved to reopen the deposition. The court found plaintiffs had not adequately prepared the witnesses and allowed defendant to reopen the deposition, limited to certain categories of information.[2] After plaintiffs moved for a protective order, the court granted the motion in part and ordered defendant to serve a more narrowly tailored list of deposition topics.[3]

Plaintiffs designated Ms. Rarrick for the reopened Rule 30(b)(6) deposition. During that deposition, defense counsel asked Ms. Rarrick what steps she took to prepare. She testified that she reviewed emails between counsel and other records custodians, among other things. She further testified that in some cases, she lacked personal knowledge of the information contained in the emails and that she relied on that information as the basis of some of her testimony. Defendant requested production of those documents both during and after the deposition, but plaintiffs refused, asserting that the material was privileged and that defendant had failed to request it when it noticed the deposition.[4]

## II. Discussion

Fed. R. Evid. 612 applies to writings used to refresh a witness's recollection while testifying. The rule provides,

---

[2] Mem. & Order, ECF No. 367.

[3] Written Order Following Oral Orders During Tel. Conference, ECF No. 384.

[4] Ms. Rarrick reviewed other non-privileged documents in preparation for her deposition, which plaintiffs have produced.

> **(a) Scope.** This rule gives an adverse party certain options when a witness uses a writing to refresh memory:
>
> **(1)** while testifying; or
>
> **(2)** before testifying, if the court decides that justice requires the party to have those options.
>
> **(b) Adverse Party's Options; Deleting Unrelated Matter.** Unless 18 U.S.C. § 3500 provides otherwise in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.
>
> **(c) Failure to Produce or Deliver the Writing.** If a writing is not produced or is not delivered as ordered, the court may issue any appropriate order. . . .

This district has previously applied Rule 612 to depositions, including Rule 30(b)(6) depositions.[5] Three conditions must be met before a party may obtain documents relied upon by a witness prior to testifying: "(1) the witness must use the writing to refresh his or her memory; (2) the witness must use the writing for the purpose of testifying; and (3) the court must determine that production is necessary in the interests of justice."[6] The party seeking production "must also show that the document actually influenced the witness's testimony."[7] "A party must

---

[5] *See, e.g., ICE Corp v. Hamilton Sunstrand Corp.*, No. 05-4135-JAR, 2007 WL 4334918 (D. Kan. Dec. 6, 2007).

[6] *Northern Natural Gas Co. v. Approximately 9117.53 acres in Pratt, Kingman, and Reno Ctys., Kan.*, 289 F.R.D. 644, 650 (D. Kan. 2013) (citing *Audiotext Commc'n Network, Inc. v. US Telecom, Inc.*, 164 F.R.D. 250, 254 (D. Kan. 1996)).

[7] *Id.* (citing *Audiotext*, 164 F.R.D. at 254).

delve thoroughly into the circumstances in order to furnish an adequate basis to use Rule 612 as a tool to obtain disclosure of an otherwise protected document."[8]

The first two conditions are met. Ms. Rarrick testified that she reviewed the emails in preparation for the deposition and relied upon them when she testified. Plaintiffs contend that because Ms. Rarrick was a Rule 30(b)(6) designee, she lacked personal knowledge of many of the topics raised during the deposition, and therefore, because she lacked personal knowledge, she could not have used the materials to refresh her recollection. The District of Oregon addressed this issue in a recent opinion. Noting that a Rule 30(b)(6) designee testifies on behalf of the corporate entity, it is the corporate entity and not the individual deponent that is presumed to have the prior knowledge of the facts.[9] So, courts generally find that this condition is satisfied "when the corporation or its attorneys choose to refresh the corporation's knowledge with the selected documents."[10] Here, the corporate entities' recollections were refreshed when their deponent reviewed the documents in preparation for the deposition. The second condition was satisfied when Ms. Rarrick testified that she relied on the materials for some of her testimony.

The remaining issue is whether the interests of justice require production of attorney-client privileged materials that do not bear on the merits of the case but are relevant only to the way plaintiffs collected and identified discovery documents. The Tenth Circuit has not addressed this issue. However, in the often-cited opinion *Sporck v. Peil*, the Third Circuit suggests that Rule 612 provides an avenue for an adverse party to obtain documents that refreshed a

---

[8] *Lebow v. Meredith Corp.*, No. 05-2545-JWL, 2007 WL 1343744, at *2 (D. Kan. May 4, 2007) (citing *Butler Mfg. Co. v. Americold Corp.*, 148 F.R.D. 275, 277–78 (D. Kan. 1993)).

[9] *Addidas Am. Inc. v. TRB Acquisitions, LLC*, 324 F.R.D. 389, 399 (D. Ore. 2017).

[10] *Id.*

deponent's recollection, even if the documents constitute protected attorney work product.[11] Some courts have applied an automatic-waiver rule, holding that Rule 612 renders discoverable privileged or work-product-protected documents when a deponent reviews them in preparation for a deposition and relies on them when testifying.[12] Other courts—including the District of Kansas[13]—have applied a balancing test or a modified balancing test to decide these issues on a case-by-case basis.[14] The courts employing balancing tests typically weigh the need for disclosure to ensure effective examination against the need for protection from disclosure afforded by the relevant privileges.[15]

This district has previously and most recently applied a balancing test rather than an automatic-waiver rule.[16] In *Northern Natural Gas Company v. Approximately 9,117.53 Acres*, Judge Bostwick relied on the balancing test articulated by the District of Maryland in *Nutramax Laboratories, Inc v. Twin Laboratories, Inc.*[17] In *Nutramax*, the court set forth a non-exhaustive

---

[11] *Sporck v. Peil*, 759 F.2d 312, 316-17 (3d Cir. 1985).

[12] *See, e.g., Mattel, Inv. v. MGA Entm't, Inc.*, No. 04-9049-DOC, 2010 WL 3705782, at *5-6 (C.D. Cal. Aug. 3, 2010); *In re Polyester Staple Antitrust Litig.*, No. 03-1516, 2005 WL 3766934, at *2-3 (W.D.N.C. Sept. 7, 2005); *United States v. 22.80 Acres of Land*, 107 F.R.D. 20, 25 (N.D. Cal. 1985).

[13] *Northern Natural Gas Co..*, 289 F.R.D. at 651 (citing *Nutramax Labs., Inc. v. Twin Labs., Inc.*, 183 F.R.D. 458, 469-70 (D. Md. 1998).

[14] *See, e.g., Addidas Am., Inc.*, 324 F.R.D. at 399; *Heron Interact, Inc. v. Guidelines, Inc.*, 244 F.R.D. 75, 77 (D. Mass. 2007) (balancing the discovering party's need for the documents against the opposing party's need for protecting privileged information); *In re Rivastigmine Patent Litig.*, 486 F. Supp. 2d 241, 243 (S.D.N.Y. 2007) (considering multiple factors including whether the party seeking the documents is engaged in a fishing expedition).

[15] *In re Managed Care Litig.*, 415 F. Supp. 2d 1378, 1380 (S.D. Fla. 2006) (citing *Suss v. MSX Int'l Eng'g Servs., Inc.,* 212 F.R.D. 159, 163 (S.D.N.Y. 2002) (noting the lack of a uniform balancing test); *EEOC v. Continental Airlines, Inc.*, 395 F. Supp. 2d 738, 744 (N.D. Ill. 2005).

[16] *See Northern Natural Gas Co.*, 289 F.R.D. at 651.

[17] *Id.* (citing *Nutramax Labs., Inc.*, 183 F.R.D. at 469-70.

list of nine factors, noting that "the weight to be assigned to each factor may vary on a case-by-case basis."[18]

Although defendant addresses the five factors more favorable to defendant, *Nutramax* sets forth nine factors, including: (1) The status of the witness. If the deponent is a Rule 30(b)(6) designee, there is a greater need to know what materials the deponent reviewed because the substance of the testimony may be based on matters outside of the witness's personal knowledge. (2) The nature of the issue in dispute. "Whether a witness is testifying generally about the transactions which are the subject of the litigation, or more precisely about a subset of facts which relate to a case dispositive issue . . . may affect the need to know what materials were reviewed to prepare for deposition."[19] (3) When the events took place. The greater period that has elapsed, the greater need for production. (4) What documents were reviewed. (5) The number of documents reviewed. "If an attorney has culled through thousands of documents to identify a population of several hundred which are most relevant to the litigation, and the witness reviews these documents to prepare for the deposition, a court may be less inclined to order the production of such work product than if the witness reviewed a single document, or very few documents, selected by the attorney which relate to a critical issue in the case."[20] (6) Whether the witness prepared the documents. "If the witness prepared the document (s) reviewed in preparation for the deposition, particularly if they were prepared in the ordinary course of the events underlying the dispute, and not in anticipation of litigation, there may be a greater need

---

[18] *Nutramax Labs., Inc.*, 183 F.R.D. at 469-70.

[19] *Id.* at 469.

[20] *Id.* at 469-70.

for disclosure than if the witness reviewed documents prepared by others."[21] (7) Whether the documents contain "pure" attorney work product, including case strategy or attorney mental impressions. (8) Whether the documents have been previously produced. (9) Whether there are credible concerns of concealment or destruction of evidence.

Defendant cites five of the above factors as favoring production. Those include Ms. Rarrick's status as a Rule 30(b)(6) designee, when the events to which she testified took place, when the documents were reviewed, the number of documents reviewed, and whether there are concerns regarding concealment or destruction of evidence. The court agrees that Ms. Rarrick's status as a Rule 30(b)(6) designee, her review of the documents just prior to the deposition, and the relatively small number of documents at issue are factors that favor production.

The court disagrees that the other factors cited by defendant favor production. Defendant contends that because the events to which Ms. Rarrick testified occurred up to three years ago, this factor would also favor production. In *Northern Natural Gas*, some of the documents and data reviewed in preparation for the depositions dated back to 1985, more than 25 years before the depositions. A three-year time lapse is not particularly significant when the underlying documents concern discovery efforts in the present case. This factor neither favors nor disfavors production. The court also disagrees that credible concerns of concealment or destruction of evidence favors production. While plaintiffs failed to produce certain responsive documents, a failure to produce documents does not necessarily equate to concealment or destruction of evidence. Moreover, the court has not made any findings regarding plaintiffs' failure to produce responsive documents or the circumstances surrounding it because defendant has not filed its motion for sanctions. Therefore, this factor neither favors nor disfavors production.

---

[21] *Id.* at 470.

Any factors favoring production are heavily outweighed by the second factor—the nature of the issue in dispute. Ms. Rarrick's testimony did not go to the merits of the underlying claims or defenses in this case. Rather, Ms. Rarrick testified concerning plaintiffs' efforts to preserve and collect documents. In other words, this is what is known as "discovery on discovery" or "meta-discovery." Courts addressing meta-discovery often look to the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1)—specifically, that any request for discovery must be proportional to the needs of the case.[22] The proportionality requirement is now included in the definition of the scope of discovery to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."[23] One court noted that "requests for such meta-discovery should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process ad infinitum."[24]

To cooperate, plaintiffs have stipulated to much of the discovery that has occurred during this period. In addition to merits discovery, the parties have engaged in substantial meta-discovery. Plaintiffs have provided detailed descriptions of the searches conducted against collected documents, served detailed responses and amended responses to interrogatories seeking information about plaintiffs' discovery efforts, and produced Rule 30(b)(6) designees to testify about these issues. This is in addition to the informal discovery concerning plaintiffs' discovery efforts. Yet, in every status conference with the court or motion to compel, defendant still

---

[22] *See Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank*, *N.A.*, No. 15CIV0293LTSJCF, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016).

[23] Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.

[24] *Mortg. Resolution Servicing, LLC*, 2016 WL 3906712, at *7; *see also Banks v. St. Francis Health Ctr., Inc.*, No. 15-cv-2602, 2015 WL 7451174, at *7-8 (D. Kan. Nov. 23, 2015) (requiring an adequate factual basis for narrowly tailored meta-discovery).

requested more—in one instance even moving to compel plaintiffs to designate their own attorney as a Rule 30(b)(6) deponent.[25] Discovery has its limits, and any further meta-discovery is simply not proportional to the needs of this case given the substantial amount of meta-discovery already permitted and because this additional period of discovery and multiple discovery disputes have significantly delayed the trial.

Although not a factor listed above, the circumstances leading to Ms. Rarrick's deposition also weigh heavily against disclosure. Rule 30(b)(6) designees may testify concerning a corporate entity's discovery efforts.[26] In these instances, however, the corporate entity's duty to prepare the witness may come in conflict with privilege issues in situations where counsel is heavily involved with that entity's document retention, identification, and production efforts.[27]

This was the case here, and the court's order on defendant's previous motion to compel provides some context. Defendant argued that the Rule 30(b)(6) designees were unprepared to testify about multiple noticed topics.[28] Defendant sought to reopen the deposition and asked the court to compel plaintiffs' counsel to serve as the Rule 30(b)(6) designee, noting that counsel "is the source of significant information regarding Plaintiffs' discovery efforts, and likely is the only

---

[25] *See* Mot. for Order Compelling Additional Discovery at 1, ECF No. 361; *see also* Order at 1-2, ECF No. 391 (denying defendant's request for up to two additional months of discovery largely concerning plaintiffs' efforts to preserve and collect documents).

[26] *See, e.g., Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, No. 05-2164-MLB, 2007 WL 1054279, at *4-5 (D. Kan. Apr. 9, 2007) (allowing for Rule 30(b)(6) deposition testimony concerning search methods and software used to respond to discovery requests).

[27] *See, e.g., Ingersoll v. Farmland Foods, Inc.*, No. 10-6046-SJ, 2011 WL 1131129, at *6 (prohibiting Rule 30(b)(6) deposition testimony concerning the procedures the party used to search, locate, gather, and produce documents because this testimony called for privileged or work-product-protected information).

[28] Mem. in Supp. of Def.'s Mot. for Order Compelling Additional Discovery at 5, ECF No. 362.

person who can adequately address Defendant's questions regarding that process."[29] The court ruled that defendant could reopen the deposition but denied defendant's request to compel counsel to serve as the designee.[30] The court noted that Rule 30(b)(6) allows the party being deposed to designate those who will testify on its behalf and that the deponent need not have personal knowledge of the topics to testify.[31] The court also noted that depositions of counsel are disfavored and generally are not allowed unless the party seeking the deposition has shown that: "(1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."[32] The court found that defendant had failed to satisfy any of these factors. The court also denied defendant's request for leave to seek production of all documents or correspondence constituting a legal-hold notice, noting that legal-hold notices are generally privileged and not discoverable.

After falling short of establishing it was entitled to privileged material then, defendant is now requesting more privileged material but using a different procedural vehicle. Plaintiffs attempted to comply with the court's order by preparing Ms. Rarrick to testify to the noticed topics even though—as defendant itself stated—plaintiffs' counsel unsurprisingly had significant information regarding plaintiffs' discovery efforts. Defendant even proposed that counsel was likely the *only* source of certain information. When the noticed topics of a Rule 30(b)(6) deposition involve meta-discovery, corporate entities could risk disclosure of privileged

---

[29] *Id.*

[30] Mem. & Order, ECF No. 367.

[31] *Id.* at 7.

[32] *Id.* at 8 (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)).

information under Rule 612 or sanctions for failing to adequately prepare a witness. Under these circumstances, the interests of justice do not favor production.

One of the purposes of the interests-of-justice analysis is to guard against a fishing expedition.[33] Given the marginal relevance of the requested documents, the fact that any further meta-discovery is disproportionate to the needs of the case, and the factual circumstances surrounding plaintiffs' efforts to prepare this witness, the court finds that the interests of justice do not require production. Because this condition is not satisfied, the court denies defendant's motion.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion to Compel Production of Documents Used to Prepare for Deposition Under Rule 30(b)(6) (ECF No. 392) is denied.

**IT IS SO ORDERED.**

Dated October 5, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[33] *Addidas Am., Inc.*, 324 F.R.D. at 397 (citing *Sporck*, 759 F.2d at 318).