IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RADIOLOGIX, INC. and RADIOLOGY
AND NUCLEAR MEDICINE IMAGING
PARTNERS, INC.,

Plaintiffs,

v.

Case No. 15-4927-DDC-KGS

RADIOLOGY AND NUCLEAR
MEDICINE, LLC,

Defendant.

## MEMORANDUM AND ORDER

When plaintiffs filed this breach of contract lawsuit more than three years ago, they designated Topeka, Kansas, as the place of trial. Doc. 1 at 1. With trial scheduled to begin on February 5, 2019, plaintiffs now ask the court to re-designate the place of trial from Topeka to Kansas City, Kansas. Doc. 404. Plaintiffs contend that Kansas City is a more convenient location for the parties to try the case. Defendant opposes plaintiffs' motion, arguing that Topeka remains the more convenient forum for trial. Doc. 410. Defendant thus asks the court to deny plaintiffs' motion. After considering the parties' arguments, the court exercises its discretion and grants plaintiffs' motion. For reasons explained below, the court designates the place of the February 5, 2019, trial as Kansas City, Kansas.

### I. Legal Standard

Under D. Kan. Rule 40.2(e), the court is not bound by a party's designated place of trial and may determine the place of trial upon motion or at its discretion. When determining the proper place of trial, the court "generally look[s] to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)." *Lopez-Aguirre v. Bd. of Cty. Comm'rs*, No. 12-

2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014). Section 1404(a) "grants a district court broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness." *ABF Freight Sys., Inc. v. McMillian*, No. 17-2324-JWL, 2018 WL 4154014, at *1 (D. Kan. Aug. 30, 2018). The court considers these factors when deciding whether to transfer the place of trial: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical. *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The moving party bears the burden to establish that the existing forum is an inconvenient one. *Id.* (citations omitted).

## II. Analysis

Consistent with the governing standard, the court applies the § 1404(a) factors to the facts of this case to determine whether the court should re-designate the trial location from Topeka to Kansas City.

### A. Plaintiff's Choice of Forum

"Unless [the § 1404(a)] factors weigh strongly in the defendant's favor, the 'plaintiff's choice of forum should rarely be disturbed.'" *Tiffany v. City of Topeka*, No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009) (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). But this factor is "largely inapplicable if the plaintiff does not reside" in the location it has designated for trial. *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *cf. Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007) (concluding that "the rationale for allowing the plaintiff to dictate the forum evaporates" when the plaintiff lives outside his choice of forum); *but see*

2

*Tiffany*, 2009 WL 1683515, at *1 (stating that "the factor weighs only slightly in favor of plaintiff" in such a situation). Also, "courts have given little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *McDermed*, 2014 WL 6819407, at *2 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

Because plaintiffs seek to move the trial to Kansas City, the court considers plaintiffs' chosen forum as Kansas City—the location they are requesting as the place of trial. Plaintiffs explain that they originally chose Topeka for trial because, when they filed suit in September 2015, they "had a large business operation in Topeka . . . with many Topeka-based employees who regularly served" defendant. Doc. 405 at 1. Plaintiffs assert that they filed the lawsuit to "preserve [the] business relationship" between plaintiffs and defendant, after plaintiffs learned that defendant was planning to move its billing and coding services from plaintiffs to a competing company. After defendant moved its administrative services to the other company, plaintiffs' "Topeka-based operation was eliminated" and all of its Topeka-based employees—except one—were discharged. *Id.* at 2. Because plaintiffs no longer have "any meaningful Topeka-based operations," they ask the court to move the trial location to Kansas City because, they contend, it is a more convenient location for their counsel and staff as well as several out-of-town witnesses who plan to come to Kansas for trial via the Kansas City airport.

Defendant responds, arguing that the court should give little weight to plaintiffs' choice of forum—*i.e.*, re-designation of the trial location to Kansas City—because plaintiffs have no connection to Kansas City. *See Bright v. BHCMC, LLC*, No. 17-2529-JWL-GEB, 2018 WL 398450, at *2–3 (D. Kan. Jan. 12, 2018) (Birzer, J.) (giving "reduced weight" to plaintiff's chosen forum when "[t]he facts giving rise to the lawsuit have no connection to Kansas City, and

3

Plaintiff provides no personal connection to Kansas City, aside from his choice of counsel there"). The court agrees that plaintiffs' choice of Kansas City "is lessened by the fact that they do not reside" there. *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1248 (D. Kan. 2012) (Lungstrum, J.). Nevertheless, "plaintiffs' [re-]designation of Kansas City as the place of trial remains at least a factor to be considered." *Id.* The court thus finds that this factor favors plaintiffs, but just slightly.

## B. Convenience and Accessibility of Evidence

"[T]he relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer." *Menefee*, 2009 WL 1313236, at *2. A plaintiff's proposed forum must be "substantially inconvenient" to warrant a change in forum. *Id.* A proposed forum is substantially inconvenient if all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden. *Id.* (holding that there was an "enormous disparity in convenience between Kansas City and Wichita" because all witnesses would have to travel 200 miles from Wichita to Kansas City); *Lopez-Aguirre*, 2014 WL 853748, at *2 (granting motion to designate Topeka as the place of trial rather than Kansas City because the "great majority of witnesses [were] located in the Topeka area" and holding trial in Kansas City would "cause much more disruption" to these witnesses); *Nkemakolam*, 876 F. Supp. 2d at 1248 (denying a motion to move the trial from Kansas City to Topeka because "the presence of a large airport makes Kansas City a more convenient forum for plaintiffs, who must travel to Kansas" and while "Topeka might be marginally more convenient for [defendant] and its witnesses, that factor is at least counter-balanced by the loss in convenience to plaintiffs and other witnesses residing outside the state . . . that would occur with a transfer to Topeka").

Here, some of the witnesses reside in Topeka. Defendant represents that 18 of the 47 potential witnesses live in or around Topeka. Doc. 410 at 4. That means the other 29

4

witnesses—a majority of them—live outside Topeka. Five of defendant's physicians live in Lawrence, Kansas—a distance that defendant calculates as a 27-mile trip from Topeka and a 45-mile trip from Kansas City. Doc. 410 at 4.[1] The difference in the amount of travel that these five physicians will incur if the trial is held in Kansas City instead of Topeka is not so significant that it imposes a substantial burden on them. Also, one of defendant's physicians lives in Olathe, Kansas—a suburb of Kansas City. And, as plaintiffs argue, defendant now operates a radiology practice in Kansas City that requires its physicians to travel regularly to Kansas City to serve that site. So, plaintiffs argue, Kansas City is not a substantially inconvenient trial location for these physicians. Because a minority share of witnesses reside in Topeka and requiring those witnesses to travel to Kansas City for trial does not impose a substantial burden, the court concludes that this factor favors designating Kansas City as the trial location.

Also, defendant represents that 17 of the potential witnesses must travel to Kansas from out of state for the trial. Plaintiffs assert that these witnesses will incur increased travel time and expenses if the trial is held in Topeka because they will have to travel 74 miles from the Kansas City airport to the Topeka courthouse instead of just 17 miles from the airport to the Kansas City courthouse. Doc. 410 at 5. Defendant argues that the additional 57 miles that out-of-town witnesses must travel to reach Topeka will not require them to incur significant additional expenses. The court disagrees. An additional 57 miles equates to at least one more hour of travel time each way for each of the 17 out-of-town witnesses. Also, it requires the witnesses to incur additional transportation expenses. Indeed, our court previously has held that "the

---

[1] Defendant does not reveal the place of origin that it uses to calculate its 27 vs. 45 mile comparison. And it does matter. For instance, if one begins at the intersection of Ninth and Massachusetts Streets in downtown Lawrence, one commonly used software calculates the measurement as 31.4 miles (to the Topeka courthouse) vs. 38.1 miles (to the Kansas City courthouse), a much smaller difference.

presence of a large airport makes Kansas City a more convenient forum" for out-of-town witnesses than Topeka. *Nkemakolam*, 876 F. Supp. 2d at 1248. The court thus concludes that Kansas City is not a "substantially inconvenient" place for trial. Instead, it likely is more convenient for many of the witnesses in the case.

### C. Fair Trial

Defendant asserts that the parties will receive a fair trial in Topeka. But defendant never argues that it would *not* receive a fair trial in Kansas City. And the court knows of nothing that suggests a Kansas City trial location will prevent any party from receiving a fair trial. Thus, this factor is a neutral one.

### D. Other Factors

The court also may consider various other factors when determining the place of trial. For example, in *Spires v. Hospital Corporation of America*, our court considered the cost of forcing medical practitioners to travel for trial testimony at the expense of time lost treating patients. No. 06-2137-JWL, 2006 WL 1642701, at *3 (D. Kan. June 8, 2006). But here, plaintiffs argue, only a few of defendant's doctors will attend trial each day, allowing plenty of time for the doctors to travel to and from the trial while maintaining adequate staffing levels at their practice.

Also, plaintiffs argue that the court should consider that voir dire may take additional time if trial is held in Topeka. Plaintiffs explain that they intend to ask jurors about their familiarity with Topeka-based witnesses and the two major hospitals in Topeka—Stormont Vail and St. Francis—because the parties' contractual relationship involved frequent interactions with those hospitals. Plaintiffs anticipate that Topeka jurors likely will have more familiarity with the Topeka-based hospitals, requiring more questions of Topeka jurors during voir dire to determine

their ability to serve on the jury.  In contrast, plaintiffs argue, it is unlikely that Kansas City jurors will have the same familiarity with the Topeka-based hospitals.

Defendant responds that these concerns will not prevent the court from impaneling a jury.  Indeed, as defendant correctly explains, the Topeka venire is significantly broader than the City of Topeka—it includes 17 surrounding counties.  So, while defendant concedes that "the Court may encounter a potential juror who is acquainted with a witness," defendant argues it "is unlikely to present a significant problem in impaneling a jury."  Doc. 410 at 8.  But plaintiffs do not argue that the court will have difficulty impaneling a jury.  Instead, plaintiffs argue that impaneling a jury likely will consume *more time* in Topeka because the court or the parties may need to ask jurors individually about their familiarity with Topeka witnesses or the two major Topeka-based hospitals.  The court agrees.  It is likely voir dire in Topeka will take longer than voir dire in Kansas City, where the jurors likely have less familiarity with the two major Topeka-based hospitals.

Finally, plaintiff asserts that Kansas City is a more convenient forum for the parties' counsel because both plaintiffs and defendant's counsel are located in Kansas City.  But our court usually gives the convenience of counsel "little if any weight."  *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *2 (D. Kan. Apr. 18, 2007); *see also Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *2 (D. Kan. Apr. 19, 2007).  *But see Nkemakolam*, 876 F. Supp. 2d at 1248 ("[T]he fact that counsel both for [defendant] and for plaintiffs have their offices in the Kansas City area weighs against the requested transfer.").  Plaintiffs also argue that Kansas City is more convenient for the court and its staff because the assigned district judge is located in Kansas City.  Our court previously has

held that "the convenience of the Court weighs in favor of a trial in Kansas City" when "the district judge and staff are located in Kansas City." *Jones*, 2007 WL 1173053, at *2.

On balance, the court finds that these other considerations—particularly the additional time the court may have to devote in voir dire to understand jurors' familiarity with the Topeka-based witnesses and the two major hospitals in Topeka—favor designating the trial location as Kansas City.

### E. Considering the Factors as a Whole

After considering all the § 1404(a) factors, the court finds that they favor designating the trial location as Kansas City. The court thus grants plaintiffs' request to re-designate the place of trial from Topeka to Kansas City.

### III. Conclusion

For the reasons explained above, the court grants plaintiffs' Motion to Re-Designate the Place of Trial From Topeka to Kansas City (Doc. 404). The court designates Kansas City, Kansas, as the place of trial for the February 5, 2019, trial.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion to Re-Designate the Place of Trial From Topeka to Kansas City (Doc. 404) is granted.

**IT IS SO ORDERED.**

**Dated this 7th day of January, 2019, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**